## THOMAS J. CHANDLER *vs.* WILLIAM BARKER.

The court refused to set aside a verdict with which they were satisfied in an action of slander, on proof made by the *defendant's attorney* that a juror had told him, after separating, that the amount of damages was agreed upon by each juror putting down the amount of his verdict, and dividing the aggregate by twelve.

ACTION on the case for words. Trial and verdict for the plaintiff, with $86 68 damages. On the rendering the verdict the jury was polled at the request of defendant's counsel, and severally agreed to the verdict.

Motion for a new trial because the jurors agreed each to set down the sum he thought the plaintiff ought to recover, and divide the aggregate by twelve; and that some of the jurors put down six cents, and others 1 00; one $500.

*James Booth,* one of the defendant's counsel, proved that this state-ment was made to him by one of the jury, after verdict found; and that he agreed to the verdict because of this arrangement, though he thought the damages too high.

*Wales.*—This is a serious question, vitally affecting the trial by jury. A verdict should be the result of the judgment of the jurors, and not the result of chance. It is not to be doubted that a verdict foundby casting lots would be set aside; so any verdict founded on a con-tingency. This verdict was contingent. One juror put down $500, and thus swelled the amount. 4 *Johns. Rep.* 487; 3 *Caine's Rep.* 57, (cited in 4 *Johns.* 487;) 2 *Yeates,* 522.

*J. A. Bayard,* contra. The ground of the motion is misbehavior of the jury. This could not be raised without an affidavit to give notice to the other party.

But waiving this, it is now settled that you can't examine a juror to show the grounds on which he made his verdict. It would seem to follow, a fortiori, that the declarations of a juror should not be given in evidence; declarations made not on oath, and it may be made for the very purpose of setting aside the verdict.

But this is a stronger case; the introducing the counsel of the opposite and losing party to prove declarations of a juror. I make no allusion to this case, for I would not doubt either Mr. Booth's statement or his motives; but as a general principle it would be dangerous. 2 *W. Blac.* 1299. Affidavit of defendant's attorney as to declarations of a juror. The court refused to grant a rule to show cause on *so dangerous* testimony. And there the testimony was much stronger than in this case. Mr. Booth does not state that the juror told him they did not consider the whole matter after the di-vision.

This was a mere mode of fixing on an amount to be considered of afterwards. It was an action of slander, and the damages rested in the mere opinion of the jurors. After resorting to this mode they individually assented to the amount, on being polled publicly in court. Verdicts in such cases must be a matter of compromise. The an-swer on polling the jury shows conclusively that they did consider and individually agreed on this verdict. 1 *New Rep.* 326. The court refused to set aside a verdict on the affidavit of a juror that it was decided by lot. And the ground taken by the court there, that there was danger in such evidence, is much stronger as to loose declara-tions of the juror out of court. The exclusion of a juror as a witness necessarily excludes his declarations. This case shows also that several jurors had told a witness that they decided it by lot; but the court did not even notice this, having decided the much stronger

point, that the affidavit of the juror could not be admitted. Williams, Serg., in the argument, admitted that the declarations of the jurors would not do, but contended that the affidavit was admissible as evidence. 1 *Durnf. & East.* 11. Jurors affidavit not admissible, but proof must be derived from *other source* than the jurors. 2 *Ibid.* 281; 18 *Eng. C. Law Rep.* 331. No evidence of the conversation of jurors admissible, though overheard, unless at the time the jury were together.

*Per Curiam.*—The affidavit of the defendant ought to have been filed as the foundation of this motion, and for the purpose of notice to the other side. The mode of proof is objectionable. It is not necessary to decide that the declarations of a juror after separation can, in no case, be proved to impeach the verdict, though the cases seem strong against it; but the proving such declarations by the attorney of the losing party is objectionable.

Mr. Booth does not prove that the sum found was not the result of deliberation after setting down and dividing; and the polling the jury is strong that they had so deliberated.

This is not a good mode of arriving at a verdict; and, under circumstances, it might be considered fatally objectionable; but it is not necessarily corrupt. It may be a mere means of approximating a result; and, as we are satisfied on the whole with the finding of the jury, we refuse to set aside the verdict.

Motion refused.

*Macbeth* and *J. A. Bayard,* for plaintiff.
*Wales* and *Booth,* for defendant.